IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

PIERRE T. BASHALE,                    )
                                      )
                    Plaintiff,        )        Case No. CV-05-481-S-LRS
                                      )
vs.                                   )        INITIAL REVIEW ORDER
                                      )
KEITH W. TACKMAN,                     )
                                      )
                    Defendant.        )
_____)

Pending before the Court is the review of Plaintiff's Prisoner Civil Rights Complaint (Complaint) to determine whether the Complaint is subject to summary dismissal under 28 U.S.C. §§ 1915(e)(2) and 1915A. Plaintiff also filed a request for Leave to Proceed *in Forma Pauperis* (Docket No. 1). Having reviewed the record, the Court has determined that Plaintiff's Complaint is subject to dismissal because it sets forth legally frivolous claims. Based on the dismissal of the Complaint, the Court will deny Plaintiff's request for indigent filing status.

## BACKGROUND

The Court is required to review prisoner complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. 28 U.S.C. § 1915. The

ORDER – 1

Court must dismiss a complaint or any portion thereof which states a claim that is frivolous or malicious, that fails to state a claim upon which relief can be granted, or that seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

Plaintiff brings his claims under 42 U.S.C. § 1983, the civil rights statute. To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law.  *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).  Plaintiff has filed twelve lawsuits in the District of Idaho, all of which have been dismissed.  The majority of the lawsuits have been found to contain frivolous legal claims.  *See CV00-695-S-EJL; CV01-242-S-BLW; CV01-243-S-MHW; CV01-248-S-LMB; CV01-359-S-MHW; CV01-360-S-MHW; CV02-315-S-EJL; CV02-316-S-EJL; CV02-317-S-BLW; CV02-318-S-LMB; CV01-148-S-BLW; CV01-446-S-MHW.*

The Court has reviewed the allegations in the present Complaint, and it also sets forth a legally frivolous claim.  Plaintiff names a former landlord as a Defendant in his Section 1983 claim, and Plaintiff has been previously advised that he may not sue a private citizen under the facts as alleged in the Complaint.  *See CV01-242-S-BLW, Docket No. 6*; *CV01-360-S-MHW, Docket No. 7; CV01-359-S-*

ORDER – 2

*MHW, Docket No. 8.[1]*  Additionally, Plaintiff has been advised of the deficiencies in his past Complaints, and he has failed to follow the Court's directives relating to amended pleadings.

The Court previously warned Plaintiff that his numerous frivolous filings would result in the issuance of a strike against him pursuant to 28 U.S.C. § 1915 (g).  Based on the foregoing, the Court will dismiss the present action, and enter a strike against Plaintiff.

### ORDER

NOW THEREFORE IT IS HEREBY ORDERED that the Complaint shall be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).  Plaintiff's claims in the Complaint are legally frivolous and shall be the basis for issuance of a strike against him pursuant to 28 U.S.C. § 1915(g).



DATED:  **November 21, 2007**

Honorable B. Lynn Winmill
Chief U. S. District Judge

---

[1] Plaintiff has failed to allege that Defendant is a state actor.  "Only in rare circumstances can a private party be viewed as a 'state actor' for  section 1983 purposes." *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir.1992); *Price v. Hawaii*, 939 F.2d 702, 707-08 (9th Cir.1991) (private parties are not generally acting under color of state law).

ORDER – 3